DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a February 18, 2005 judgment of the Lucas County Court of Common Pleas which, following a trial to a three-judge panel, found appellant guilty of aggravated murder, in violation of R.C.2903.01, with two specifications pursuant to R.C. 2929.05(A)(5) and (9). Appellant was also found guilty of attempted murder, in violation of R.C. 2903.02 and 2923.02, a felony of the first degree. On appeal, appellant raises the following assignments of error:
 {¶ 2} "Assignment of Error Number One: The three-judge panel improperly balanced aggravating circumstances against mitigating factors, by weighing the nature and circumstances of the offense on the side of aggravation and against mitigation.
 {¶ 3} "Assignment of Error Number Two: The trial court erred to the prejudice of Mr. Harmon by denying him and his counsel the right of allocution at sentencing in violation of Crim.R. 32(a)(1) and Ohio Supreme Court precedent.
 {¶ 4} "Assignment of Error Number Three: The trial court erred to the prejudice of Mr. Harmon when it ordered him to pay unspecified costs, including court appointed fees, without first determining the ability to pay those costs.
 {¶ 5} "Assignment of Error Number Four: The trial court's sentence as to Count Two (attempted murder) must be remanded to the trial court for resentencing in light of State v. Foster."
 {¶ 6} Because the state did not respond to this appeal, this court may accept appellant's presentation of the facts and issues as correct, and reverse the judgment if it is reasonable to do so. App.R. 18(C).
 {¶ 7} On August 28, 2003, appellant was indicted for one count of aggravated murder with specifications, one count of attempted murder, and one count of felonious assault. A competency hearing was held on October 29, 2003, at which time the trial court determined appellant competent to stand trial. Appellant sought, and was granted, a second opinion and competency hearing. On February 25, 2004, at the conclusion of the second hearing, the court again determined appellant was competent to stand trial.
 {¶ 8} On October 12, 2004, appellant waived his right to a jury trial and agreed to be tried before a three-judge panel. At that same hearing, appellant moved for an evaluation for a plea of not guilty by reason of insanity, which the trial court granted. At a November 10, 2004 hearing, the trial court found appellant, once again, to be competent to stand trial. Prior to trial, appellant withdrew his plea of not guilty by reason of insanity.
 {¶ 9} After a four-day trial, appellant was found guilty of the first two counts. The panel found Count 3 to be a lesser included offense of Count 2 and made no finding as to that count. Appellant was found guilty of two aggravating circumstances: (1) course of conduct involving the purposeful killing of or attempt to kill two or more persons; and (2) purposely causing the death of a victim under the age of 13 years at the time of the commission of the aggravated murder. The trial court then held a mitigation hearing to determine whether to impose a death sentence. After deliberations, the three-judge panel noted the following mitigating factors: (1) appellant, because of a mental disease or defect, characterized by severe depression, aggression, suspiciousness, instability, hyperactivity and paranoid delusions, lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law; and (2) appellant's family background, mental history, minimal criminal record and his genuine remorse.
 {¶ 10} The court concluded that the aggravating circumstances did not outweigh the mitigating factors beyond a reasonable doubt and did not impose the death penalty. The court sentenced appellant to life imprisonment without the possibility of parole on the aggravated murder charge, and nine years as to the attempted murder charge. The court imposed the sentences consecutively.
 {¶ 11} In his first assignment of error, appellant argues that the panel erred when it imposed a life sentence without the possibility of parole for aggravated murder because it weighed the nature and circumstances of the offense on the side of aggravation and against mitigation.
 {¶ 12} Appellant is correct that the nature and circumstances of an offense are not statutory aggravating circumstances and cannot be considered as such. State v. Davis (1988),38 Ohio St.3d 361, 370-372; State v. Johnson (1986), 24 Ohio St.3d 87,93. However, a trial court is required to "* * * consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender," and all of the mitigating factors set forth in R.C. 2929.04(B)(1) through (7) (emphasis added). The distinction is whether the court recognizes the difference between weighing the nature and circumstances of the offense as aggravating circumstances against the mitigating factors versus the use of the nature and circumstances of the offense to state a conclusion that the statutory aggravating circumstances outweighed the mitigating factors. State v. LaMar (2002), 95 Ohio St.3d 181, 209; Statev. Davis (1988), 38 Ohio St.3d 361, 367-373.
 {¶ 13} Despite appellant's contentions that the panel improperly engaged in the weighing process by considering the nature and circumstances of the crime as aggravating circumstances, his argument is without merit. Appellant has failed to present any evidence which would indicate the panel gave improper weight to the nature and circumstances of the offense. He does not cite to any section of the panel's opinion which suggests as much, nor does he offer any support from the trial transcript. The record, in fact, indicates that the three-judge panel discussed the nature and circumstances of the offense under the "mitigating factors" section of its opinion. The panel made no reference or statement signifying that it had weighed the nature and circumstances on the side of aggravation. Rather, the record shows that the panel engaged in proper weighing with regard to the nature and circumstances of the offense.
 {¶ 14} Appellant further contends that it was error to impose a sentence of life without parole given the extent of the mitigating evidence and the limited nature of the aggravating circumstances. He specifically argues that during it's weighing, the panel failed to consider the testimony of Jolie Brams, Ph.D., who testified that, in her opinion, appellant suffers from a psychotic disorder. Appellant claims that if the panel had done so, it would have concluded that life without the possibility of parole was not the proper sentence, but rather 25 or 30 years imprisonment without parole eligibility until the minimum sentence had been served. Appellant concedes, nevertheless, that in its opinion, the panel credited Dr. Brams' testimony, as well as five other witnesses called on the defense's behalf during the mitigation phase. Furthermore, the record indicates that the panel considered all of the evidence adduced at trial and during the mitigation hearing when it determined appellant's sentence.
 {¶ 15} R.C. 2929.03 provides for the imposition of sentence for a capital offense. "If the indictment or count in the indictment contains one or more specifications of aggravating circumstances * * * and if the offender is found guilty of both the charge and one or more of the specifications, * * * the penalty to be imposed on the offender shall be death, life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment." R.C. 2929.03(C)(2)(a).
 {¶ 16} A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute. Harris v. U.S.
(2002), 536 U.S. 545, 565; City of Toledo v. Reasonover (1965),5 Ohio St.2d 22; State v. Barnett (1999), 131 Ohio App.3d 137;State v. Bollinger (June 30, 1999), 6th Dist. No. L-98-1155;State v. Allison (Feb. 5, 1999), 6th Dist. No. L-98-1159. An appellate court may not set aside the sentence if there is no clear showing that the trial court abused its discretion.Columbus v. Bee (1979), 67 Ohio App.2d 65, citing Reasonover,5 Ohio St.2d 22. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 17} When a panel imposes life imprisonment, it must state in a separate opinion its specific findings as to which of the mitigating factors set forth in R.C. 2929.04(D) the court found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why the court could not find these aggravating circumstances to be sufficient to outweigh the mitigating factors. See R.C. 2929.03(F).
 {¶ 18} In the present case, the three-judge panel set forth its separate opinion with its specific findings as to the mitigating factors and why it determined that the aggravating circumstances were insufficient to outweigh those mitigating factors. The panel proceeded to impose the sentence of life imprisonment without parole.
 {¶ 19} After a thorough review of the record and the panel's decision in this case, we cannot find that the trial court abused its discretion in determining the sentence imposed upon appellant. The panel properly weighed the mitigating factors against the aggravating circumstances and clearly set forth specific findings in its opinion. Accordingly, we find appellant's first assignment of error to be not well-taken.
 {¶ 20} In his second assignment of error, appellant maintains that he and his counsel were denied the right of allocution at his sentencing. Our review of the sentencing hearing in the instant case discloses that appellant's complaint may be technically correct, but harmless under the circumstances.
 {¶ 21} Crim.R. 32(A) provides that before imposing a sentence in a criminal trial, the trial court shall "address the defendant personally and ask if he or she wishes to make a statement on his or her own behalf or present any information in mitigation of punishment." The Ohio Supreme Court noted that the penalty phase in a capital case is not a substitute for defendant's right of allocution. State v. Reynolds (1998), 80 Ohio St.3d 670, 684. However, in Reynolds, the Court found no prejudicial error in the trial court's failure to ask the defendant if he wished to make a statement because that defendant had already made an unsworn statement, presented a personal letter to the court during the mitigation phase, and had defense counsel make a statement on his behalf. Id.
 {¶ 22} The provisions of Crim.R. 32(A) are mandatory in both capital and noncapital cases, absent invited error or harmless error. State v. Campbell (2000), 90 Ohio St.3d 320, paragraph two of the syllabus. In this case, the trial court's failure to personally address appellant prior to sentencing and allow him to make a statement constituted error under Reynolds andCampbell.
 {¶ 23} However, similar to Reynolds, appellant, here, made an unsworn statement to the court and his counsel presented ample evidence in mitigation of punishment. Additionally, although the panel considered the victim-impact statement after the mitigation phase, but prior to sentencing, we find that appellant waived any error in this regard.
 {¶ 24} Thus, since appellant did, in fact, personally appeal for his life before the trial court through his unsworn statement and was able to present ample evidence in mitigation of his punishment, the panel's failure to specifically advise him of his right of allocution prior to sentencing was harmless error underReynolds and Campbell. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 25} In his third assignment of error, appellant argues that the trial court erred when it ordered appellant to pay "costs of supervision, confinement, assigned counsel, and prosecution as authorized by law" without first determining his ability to pay those costs.
 {¶ 26} Initially, we must mention that the docket notes the panel imposed costs on appellant; however, there is no journalized judgment entry indicating that the court actually did so. It is well-established that a court speaks through its journals and an entry is effective only when it has been journalized. Crim.R. 32(B). "To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." State v. Ellington (1987), 36 Ohio App.3d 76, 78.
 {¶ 27} "Regardless of the trial court's intention, * * *, the [docket] form is * * * insufficient under Crim.R. 32(B) because it bears no time stamp or other indication that it was entered on the trial court's journal by the clerk." State v. Ginocchio
(1987), 38 Ohio App.3d 105, 106. As a result, we must remand the issue back to the trial court for imposition of mandatory costs pursuant to R.C. 2947.23[1] and for consideration of appellant's ability to pay other costs pursuant to R.C.2929.18.[2]
 {¶ 28} In his fourth and final assignment of error, appellant maintains that his attempted murder sentence must be vacated and remanded to the trial court in light of State v. Foster (2006),109 Ohio St.3d 1, 2006-Ohio-856. We agree.
 {¶ 29} In Foster, supra, the Ohio Supreme Court appliedBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v.New Jersey (2000), 530 U.S. 466 and determined that several of Ohio's sentencing statutes violate the Sixth Amendment to the United States Constitution. Id. at paragraphs one and three of the syllabus. Those sentencing statutes, including R.C.2929.14(E)(4), under which appellant was sentenced, were severed from Ohio's sentencing laws. Id.
 {¶ 30} Foster applies to all case pending on direct appeal. Id. at ¶ 104. All sentences imposed pursuant to R.C. 2929.14(E) must be vacated as they were illegally imposed. Id. at ¶ 103. Because the trial court relied on R.C. 2929.14(E) when sentencing appellant, we find appellant's claimed error regarding the consecutive aspect of his sentence well-taken and vacate and remand for resentencing in this regard.
 {¶ 31} The judgment of the Lucas County Court of Common Pleas is affirmed in part and reversed in part. The matters of court costs and consecutive sentencing are remanded to the trial court pursuant to the findings set forth herein. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, Concur.
[1] "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C. 2947.23. "A trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence." State v. White (2004), 103 Ohio St.3d 580,2004-Ohio-5989, paragraph one of the syllabus.
[2] "Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *." R.C. 2929.18.