DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Brian Friess, timely appeals the August 3, 2005 judgment entry of the Lucas County Court of Common Pleas which, following a plea of no contest, found appellant guilty of two counts of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree, and sentenced him to seven years *Page 2 
imprisonment on each count, to be served consecutively. Upon consideration of the assignments of error, we affirm the decision of the lower court.
 {¶ 2} Appellant asserts the following assignments of error on appeal:
 {¶ 3} "I. The consecutive sentences imposed by the trial court are contrary to law and incongruous with the purposes of felony sentencing in Ohio."
 {¶ 4} "II. Due process forbids retroactively applying theFoster remedy which endows the sentencing court with plenary discretion."
 {¶ 5} In his first assignment of error, appellant argues that his sentence is contrary to law, as expressed in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, because the trial court abused its discretion by relying on judicially determined facts to impose consecutive sentences. Additionally, appellant argues that the trial court failed to consider the statutory factors set forth in R.C. 2929.11 and 2929.12 at sentencing, particularly, the need for deterrence, incapacitation, rehabilitation, and restitution, and appellant's expression of remorse and desire for treatment.
 {¶ 6} A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002), 536 U.S. 545, 565. An appellate court may not set aside the sentence if there is no clear showing that the trial court abused its discretion. Id. An abuse of discretion connotes more than an error in judgment or *Page 3 
law; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Trial courts must carefully consider the statutes that apply to every felony case. See State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38. There is no specific language, however, that must be used to evince the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett (2000),88 Ohio St.3d 208, 215. For this reason, a sentencing judge can satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors of R.C. 2929.12(B)(1) have been considered. Id.
 {¶ 8} In Foster, the Ohio Supreme Court held several of Ohio's sentencing statutes[1] unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth inApprendi v. New Jersey (2000), 530 U.S. 466, and Blakely v.Washington (2004), 542 U.S. 296, and ordered them severed from the Ohio Revised Code. According to Foster, trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range.Foster at ¶ 100. However, with respect to cases pending on direct review, where a trial court relied on any of the unconstitutional statutes when imposing a sentence, the sentence is deemed void, must be vacated, and the matter should be remanded to the trial court for a new sentencing hearing. Id. at ¶ 103 and ¶ 104. *Page 4 
 {¶ 9} In this case, the trial court did not reference any of the statutes held unconstitutional by Foster when imposing appellant's sentence. As such, even though appellant's case was pending on direct review when Foster was decided, his sentence is not void on the basis ofFoster. Moreover, we find that the trial court properly considered R.C.2929.11 and 2929.12 when imposing appellant's sentence, and that the sentences are well within the statutory range of three to ten years, as set forth in R.C. 2929.14(A)(1). The trial court stated in its August 3, 2005 judgment entry of sentencing that it considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. In determining appellant's sentence, the trial court also considered the record, oral statements, victim impact statements, and presentence investigation report.
 {¶ 10} Based on the foregoing, we find that the trial court did not abuse its discretion when it sentenced appellant to two consecutive, seven-year prison terms. Accordingly, appellant's first assignment of error is not-well taken.
 {¶ 11} In his second assignment of error, appellant contends that the imposition of consecutive prison terms in his case violates due process and the Ex Post Facto Clause of the United States Constitution. Appellant argues that the Foster decision, and resulting severance of certain portions of the Ohio Revised Code, created a gap in Ohio's sentencing guidelines, which had the effect of enlarging judicial decision making power beyond the point originally contemplated by the legislature. Appellant further claims that as a result, theFoster decision imposes a greater punishment at present than the law imposed at the time the crime was committed, in February 2005. *Page 5 
 {¶ 12} To fall within the ex post facto prohibition, a law must apply to events occurring before its enactment and it must disadvantage the offender affected by it, either by altering the definition of criminal conduct, or by increasing the punishment for the crime. State v.Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 15, citing Lynce v.Mathis (1997), 519 U.S. 433, 441. The Ex Post Facto Clause applies to four types of laws:
 {¶ 13} "1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." Rogers v. Tennessee (2001) 532 U.S. 451, 456, quotingCalder v. Bull (1798), 3 Dall. 386, 390.
 {¶ 14} While "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process,'" this court has noted that, notwithstanding some overlap between the Ex Post Facto Clause and the restrictions due process places upon retroactive applications of judicial decisions, the two are not coextensive. Coleman at ¶ 17, quoting Rogers, 532 U.S. at 456. Furthermore, we have previously held that "`the Ex Post Facto Clause, by its own terms, does not apply to courts' as it `would circumvent the clear constitutional text' and `evince too little regard for the important institutional and *Page 6 
contextual differences between legislating, on the one hand, and common law decisionmaking, on the other.'" Id. at 460. Thus appellant's argument that the Ex Post Facto Clause is implicated by the Ohio Supreme Court's decision in Foster is not well-taken, and only his due process claim will be examined.
 {¶ 15} At the outset, we note that no Ohio appellate court to date has held that due process rights are implicated by Foster. Nevertheless, a judicial interpretation or severance of a statute can violate due process if it is "unexpected and indefensible by reference to the law which has been expressed prior to the conduct in issue."Coleman at ¶ 18, quoting Rogers, 532 U.S. at 455. Thus, as appellant's offenses occurred in February 2005, an examination of the expressions of Ohio's sentencing statutes and constitutional law prior to that date is necessary to determine whether the Foster decision was "unexpected and indefensible." Id.
 {¶ 16} Criminal defendants, pre-Foster, were never guaranteed a minimum prison term. Coleman at ¶ 19. In fact, prior to Foster, Ohio's sentencing statutes only created a presumption of the lowest prison term of those available for the degree of offense, a presumption that a defendant would not receive the maximum penalty available for any offense, and a presumption that a defendant would be sentenced to concurrent sentences if more than one offense was committed. State v.McGhee, 3d Dist. No. 17-06-05, 2006-Ohio-5162, ¶ 24. OnceFoster found that the Sixth Amendment forbids courts from overcoming these presumptions by engaging in fact-finding, the presumptions were erased as if they never existed. Coleman at ¶ 19. *Page 7 
 {¶ 17} This result does not, as appellant contends, have the effect of imposing a more burdensome punishment on him than the one to which he had been exposed at the time of the commission of the offenses. As the very definition of a presumption dictates, appellant was never guaranteed concurrent sentences, before or after Foster. Moreover, the statutory sentencing range for first degree felonies remained unchanged after Foster. Therefore, we conclude that the Foster remedy is not unexpected or indefensible, and as such, does not violate due process. Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 18} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski P.J., William J. Skow, J., CONCUR.
[1] Foster holds that the following statutory sections are unconstitutional: R.C. 2929.14(B), (C), (D)(3)(b), and (E)(4); R.C.2929.19(B)(2); and R.C. 2929.41(A). *Page 1