DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Michael D. Brown, appeals the judgment of the Ottawa County Court of Common Pleas. Appellant pled guilty to failure to comply, a felony of the third degree and a violation of R.C.2921.331(B), and assault, a first degree misdemeanor and a violation of R.C. 2903.13(A). For those convictions, the court imposed a total term of four years incarceration. *Page 2 
 {¶ 2} Appellant was arrested following a high-speed police chase which ended when he crashed into the 20th Century Lanes bowling alley. The crash injured two patrons of the bowling alley and caused nearly $200,000 in damage to the building.
 {¶ 3} Appellant entered a plea of not guilty by reason of insanity and the trial court ordered a psychological evaluation. In his presentence investigation, appellant stated that he crashed in the bowling alley in an attempt to commit suicide. The psychological evaluation concluded that appellant was fit to stand trial.
 {¶ 4} Appellant withdrew his plea and entered a plea of guilty to failure to comply and assault. The trial court accepted his plea and convicted him of each count. At the sentencing hearing and in its judgment entry, the court stated that it considered the principles of purposes of sentencing pursuant to R.C. 2929.11, and the seriousness and recidivism factors pursuant to R.C. 2929.12. It found that the victims suffered serious physical and economic harm and found that appellant presented a serious risk of harm during the high speed chase. It further found recidivism likely, considering that the offense was committed while appellant was on "community control," appellant's prior criminal history, a pattern of drug and alcohol abuse, and his lack of remorse. The trial court also stated that it was aware of appellant's depression and suicidal mental condition at the time of the offense.
 {¶ 5} Appellant raises the following assignment of error on appeal:
 {¶ 6} "THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO A FOUR YEAR PRISON TERM SINCE THE SENTENCE IS NOT *Page 3 
SUPPORTED BY THE RECORD GIVEN THE MITIGATING FACTORS PRESENT, OR IS OTHERWISE CONTRARY TO LAW."
 {¶ 7} First, appellant argues that his diagnosis of major depression should have been a substantial mitigating factor pursuant to R.C.2929.12(C)(4), which renders an offense "less serious than conduct normally constituting the offense" if there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
 {¶ 8} Second, appellant argues that the trial court incorrectly found that he was under community control at the time of the offense. The record shows that on November 14, 2005, appellant was convicted of driving under a suspended license, a misdemeanor of the first degree; as part of that conviction, he was ordered to "remain law abiding" for one year.
 {¶ 9} R.C. 2929.12 "provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender" and was not severed by State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute.State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citingHarris v. U.S. (2002), 536 U.S. 545, 565. An appellate court may not set aside the sentence if there is no clear showing that the trial court abused *Page 4 
its discretion. Id. An abuse of discretion connotes more than an error in judgment or law; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219." State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6.
 {¶ 10} "[N]o specific language * * * must be used to evince the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. For this reason, a sentencing judge can satisfy his or her duty under R.C.2929.12 with nothing more than a rote recitation that the applicable factors of R .C. 2929.12(B)(1) have been considered. Id."Friess, 2007-Ohio-2030, at ¶ 7.
 {¶ 11} In the era following State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, at paragraph seven of the syllabus.
 {¶ 12} The trial court noted, contrary to appellant's assertion, that it considered his depression and mental condition. It also noted that it had reviewed the pre-sentence investigation report, which contains details relating to appellant's past and present mental condition. The condition that he remain "law abiding" was also properly considered pursuant to R.C. 2929.12(D), which permits a sentencing court to consider "any other relevant factors" relating to the likelihood of recidivism. The term of four years incarceration is within the statutory range for the count of failure to comply, a felony of *Page 5 
the third degree. R.C. 2929.14(A)(3). The term of 180 days incarceration for assault was ordered to run concurrently to the four-year term; the trial court had discretion, pursuant to Foster, to order these terms to run consecutively. Foster, at paragraph seven of the syllabus.
 {¶ 13} Appellant has not shown that the sentence is contrary to law or was imposed by the trial court's abuse of discretion. His sole assignment of error is therefore not well-taken.
 {¶ 14} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing to appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., Concur. *Page 1