DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Michael J. McVicker, appeals the October 26, 2006 judgment of the Ottawa County Court of Common Pleas which, following a guilty plea to one count of felonious assault, sentenced appellant to three years of imprisonment. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On May 15, 2006, appellant was indicted on two counts of felonious assault, in violation of R.C. 2903.11(A)(2), one count of using or carrying a firearm while intoxicated, in violation of R.C.2923.15(A), and one count of improperly handling a firearm in a motor vehicle, in violation of R.C. 2923.16(B). Appellant entered not guilty pleas to all the counts.
 {¶ 3} On September 7, 2006, appellant withdrew his not guilty pleas and entered a guilty plea to one count of felonious assault. The remaining charges were dismissed. On October 26, 2006, appellant was sentenced to three years of imprisonment. This appeal followed.
 {¶ 4} Appellant raises the following assignment of error:
 {¶ 5} "The trial court's finding that the appellant should be sentenced in excess of the shortest prison term for a felony of the second degree was against the manifest weight of the evidence when considering the seriousness of the crime and recidivism factors pursuant to Ohio Revised Code 2929.12."
 {¶ 6} This court has noted that "[a] trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002),536 U.S. 545, 565." State v. Friess, 6th Dist. No. L-05-1307,2007-Ohio-2030, ¶ 6. An abuse of discretion is more than an error of law or of judgment, the term connotes that the court's *Page 3 
attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Trial courts must carefully consider the statutes that apply to every felony case. See State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ¶ 38. However, there is no specific language that must be used to demonstrate the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett, 88 Ohio St.3d 208,215, 2000-Ohio-302. For this reason, a sentencing judge can satisfy his or her duty under R.C. 2929.12 with nothing more than a rote recitation that the applicable factors of R.C. 2929.12(B), (C), (D) and (E) have been considered. Id. Moreover, pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, trial courts are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences, and have full discretion to impose a prison sentence within the statutory range.
 {¶ 8} In the present case, appellant was convicted of one count of felonious assault, R.C. 2903.11(A)(2), a second degree felony with a possible prison sentence ranging from two to eight years. At the October 20, 2006 sentencing hearing, the trial court stated that it considered the presentence investigation report. The court then noted the seriousness and recidivism factors it found to be relevant. Regarding the seriousness factors, the court noted that the victim suffered psychological harm, the relationship with the victim facilitated the offense, and that young children were present at the time that gunshots were fired at the building. Less serious factors were not found. Regarding *Page 4 
recidivism, the court noted appellant's pattern of alcohol use and that he showed no genuine remorse. Under less likely to recidivate the court acknowledged that appellant had no prior convictions of any type.
 {¶ 9} Upon review, we cannot say that the trial court abused its discretion when it sentenced appellant to three years of imprisonment. Appellant's assignment of error is not well-taken.
 {¶ 10} On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1