DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Marcus Alexander, appeals the judgment of the Lucas County Court of Common Pleas. On September 19, 2006, appellant entered a plea of no contest to one count of attempt to commit murder with a firearm specification, a violation of R.C. 2923.02 and 2903.02(A) and a felony of the first degree. As part of a plea agreement, the state entered a nolle prosequi to one count of assault with a firearm specification, a felony *Page 2 
of the second degree and a violation of R.C. 2903.11(A)(2). The trial court accepted appellant's plea and found appellant guilty.
 {¶ 2} Appellant was subsequently sentenced to a term of seven years incarceration. Pursuant to R.C. 2929.14(D) and 2941.145, the trial court imposed an additional, mandatory three year term for the firearm specification. The terms were ordered to run consecutively for a total term of ten years incarceration.
 {¶ 3} From that judgment of conviction, appellant filed a motion for a delayed appeal. We granted the motion and appellant received appointed appellate counsel. Appellant raises one assignment of error for review:
 {¶ 4} "The trial court made an inappropriate fact finding in determining Mr. Alexander's sentence. Mr. Alexander's sentence is unconstitutional under State of Ohio v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, because the trial court made findings of fact in imposing a sentence that was not the minimum available."
 {¶ 5} Appellant points to one statement made by the trial court and contends that this was improper judicial fact-finding in contravention of State v. Foster. At his sentencing hearing, the trial court stated, "Here, the defendant created a dangerous situation by taking a loaded handgun to a graduation party." He does not specify which unconstitutional statutory section this statement supposedly violates. He argues, however, that the improper fact-finding entitles him to have his sentence vacated. State v. Leasure, 6th Dist. No. L-05-1260,2007-Ohio-100, ¶ 17. *Page 3 
 {¶ 6} The trial court considered both R.C. 2929.11 and 2929.12. R.C.2929.12 "provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender" and was not severed by State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute.State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642, ¶ 16, citingHarris v. U.S. (2002), 536 U.S. 545, 565. An appellate court may not set aside the sentence if there is no clear showing that the trial court abused its discretion. Id. An abuse of discretion connotes more than an error in judgment or law; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219." State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6.
 {¶ 7} "[N]o specific language * * * must be used to evince the requisite consideration of the applicable seriousness and recidivism factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. For this reason, a sentencing judge can satisfy his or her duty under R.C.2929.12 with nothing more than a rote recitation that the applicable factors of R.C. 2929.12(B)(1) have been considered. Id."Friess, 2007-Ohio-2030, at ¶ 7.
 {¶ 8} At the sentencing hearing, in consideration of R.C. 2929.11 and2929.12, the trial court stated: *Page 4 
 {¶ 9} "First, I cannot say this is a situation where the victim facilitated or provoked the offense. [The victim] was convicted of shooting the defendant, Mr. Alexander, I guess it was about a year previously or sometime previously, and was found guilty of that offense in juvenile court, was sentenced accordingly and served his sentence. And then more than a year later, this incident arises.
 {¶ 10} "We do not have a vigilante system of justice in our country and we cannot allow people to be seeking revenge especially when the criminal justice system has handled the matter and punishment was accorded.
 {¶ 11} "Here, the defendant created a dangerous situation by taking a loaded handgun to the graduation party. I'm not going to speculate as to whether he had this gun specifically looking for [the victim] or he had it for other reasons. But to take it to a party where there was expected to be quite a number of people, in and of itself, is a situation that cannot be condoned.
 {¶ 12} "Then, when he confronted [the victim], shot him causing serious and permanent injury — I think his mother very well expressed the situation, that both [the victim] and his family now find themselves with the difficulties and challenges that they will now face and face for years to come.
 {¶ 13} "And then after [the victim] was on the ground the defendant attempted to continue shooting him and certainly it would have killed him if the gun had not jammed. *Page 5 
 {¶ 14} "I also cannot ignore the defendant's extensive prior history with six felonies as a juvenile and three misdemeanors during his early years as an adult. This is-this offense is his first adult felony conviction.
 {¶ 15} "Also as the prosecutor pointed out, this offense occurred while the defendant was on probation from the Toledo Municipal Court. All of these factors heightened the seriousness of the offense and do make recidivism more likely considering the fact that there is a firearms specification in this case.
 {¶ 16} "The defendant is looking at a mandatory prison sentence and a significant sentence is required to not only punish the defendant, but to deter others from committing similar crimes. The use of guns in this community is — sometimes appears to be reaching levels that are just uncontrollable, and I think it's important that people realize that using guns and seriously injuring or causing death is going to result in serious consequences."
 {¶ 17} Appellant's sentence of seven years is within the range of penalties for a felony of the second degree. R.C. 2929.14(A)(2). The statements regarding deterring others from similar conduct are proper considerations pursuant to R.C. 2929.11(A). The statement regarding appellant's conduct is consistent with the overriding purposes of felony sentencing pursuant to R.C. 2929.11(B). The other statements are proper considerations pursuant to R.C. 2929.12. None of the statements were improper judicial findings of fact pursuant to the statutory sections severed by State v. Foster. The imposition of a consecutive three year term was proper pursuant to R.C. 2941.145 and *Page 6 
2929.14(D)(1)(a), which was not severed as unconstitutional by State v.Foster. The trial court did not abuse its discretion in sentencing appellant.
 {¶ 18} Appellant's assignment of error is not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., Concur. *Page 1