DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas, which found appellant guilty of one count of burglary, in violation of R.C. 2911.12(A)(3), a third degree felony, one count of assaulting an officer, in violation of R.C. 2903.13(A), a fourth degree felony, and one count of failure to comply, in violation of R.C.2921.33(B) a fourth degree felony. Appellant was sentenced to terms of *Page 2 
incarceration of five years, eighteen months, and eighteen months, all to be served consecutively. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Stephen Collins, sets forth the following two assignments of error:
 {¶ 3} "I. The trial court's decision to impose maximum and consecutive sentences as to all counts of the Information was an abuse of discretion.
 {¶ 4} "II. Defendant-Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteen [sic] Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On February 17, 2006, appellant forcibly entered the home of an elderly Port Clinton woman by kicking down her door late at night after she had gone to sleep.
 {¶ 6} Appellant was familiar with the victim as she had permitted him to perform odd jobs for her at her property on prior occasions. Several years before this incident, the victim had suffered a severe stroke. As a consequence of her stroke, the victim was rendered unable to speak or write. In addition, she requires the assistance of a cane for mobility.
 {¶ 7} Upon forcibly invading the victim's home, appellant went to the elderly woman's bedroom where she had been asleep. He pulled her from the bed onto the floor and restrained her. In the course of these events, the victim recognized appellant as the *Page 3 
man who had done odd jobs for her in the past. Appellant stole the victim's vehicle and fled the premises. The victim, still lying on the floor and too frightened to move, telephoned her daughter for help.
 {¶ 8} Shortly thereafter, appellant led local police authorities on a high-speed chase through the western portion of the city of Port Clinton. In the wake of attempting to elude the police, appellant caused damage to a multitude of properties, and ultimately wrecked the stolen vehicle. At one point during the pursuit, appellant aimed his vehicle directly at a stationary police cruiser positioned in an effort to stop him. Evasive action by the officer was successful in narrowly avoiding a collision.
 {¶ 9} When appellant finally crashed the vehicle, he locked the doors and refused to cooperatively turn himself over to the authorities. This required the responding officers to break out several windows in the vehicle in order to extract appellant from same. Appellant continued physically struggling with the officers and was eventually subdued and handcuffed.
 {¶ 10} As a result of appellant's conduct on February 17, 2006, he was indicted on five felony charges. Appellant pled not guilty by reason of insanity. Appellant was referred for a mental health evaluation to be conducted by the Court Diagnostic and Treatment Center. The assigned clinical psychologist who performed the assessment of appellant's mental health and legal competency unambiguously concluded that appellant was competent to stand trial. Following this adverse determination, counsel for appellant successfully moved the trial court for leave to have an independent mental health *Page 4 
evaluation conducted by Central Behavioral Health Care. This independent mental health evaluation likewise deemed appellant competent to stand trial.
 {¶ 11} With the insanity defense raised by his counsel now defeated, appellant entered a voluntary plea agreement. Appellant pled guilty to three counts pending against him. On December 4, 2006, appellant was sentenced to consecutive terms of incarceration of five years, eighteen months, and eighteen months, respectively. Timely notice of appeal was filed.
 {¶ 12} In his first assignment of error, appellant claims that the trial court abused its discretion in imposing maximum consecutive sentences for his crimes. In support, appellant makes unsupported allegations that the trial court somehow improperly failed to adequately consider his drug and alcohol abuse in crafting its decision. In addition, appellant claims the trial court failed to adequately take into consideration his limited IQ.
 {¶ 13} It is well established that the trial court is vested with the authority and discretion to determine an appropriate sentence and impose same so long as there is no abuse of discretion. An appellate court cannot find an abuse of discretion at sentencing simply from the fact that the court imposed a severe sentence upon a defendant so long as the sentence does not exceed the statutory maximum for the offense.State v. Harmon, 6th Dist. No. L-05-1078, 2006-Ohio-4642. Thus, absent a clear showing of an abuse of discretion, we may not set aside a sentence. An abuse of discretion connotes more than a mere error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. *Page 5 
 {¶ 14} We have carefully scrutinized the record from below for any indicia of a potential abuse of discretion at sentencing. We find none. On the contrary, the record clearly establishes that the court carefully considered both aggravating and mitigating factors in reaching its sentencing determination.
 {¶ 15} The record establishes that appellant had a criminal history of recidivism in excess of 30 years, including 18 prior felony convictions. The record establishes that appellant knowingly selected a severely handicapped victim. The victim was an elderly stroke victim who had previously furnished appellant with odd jobs at her home.
 {¶ 16} Appellant kicked in her door one night, entered her bedroom, pulled her from bed, restrained her, and stole her vehicle. Appellant led police on a high-speed chase through residential Port Clinton neighborhoods, damaging numerous properties, and directing his vehicle head-on at one of the pursuing officers.
 {¶ 17} Several thorough and detailed mental health evaluations were performed upon appellant to determine his legal competency. Both assessments concluded that appellant understood the nature of his actions and was legally competent. Despite appellant's implications to the contrary, the fact that appellant has a lengthy history of drug and alcohol abuse and failed attempts at sobriety does not negate his legal culpability.
 {¶ 18} Perhaps the most compelling indication of appellant's legal culpability can be found in appellant's own testimony at sentencing. Appellant stated in relevant part, "I didn't use the tools. I could've picked up the phone that day and call the sponsor and said *Page 6 
`hey I am thinking about drinking'. They would have stopped and been there. They are wonderful people. There is nobody to blame but me, your honor. I didn't do what I was supposed to do." While appellant's dependency issues are lamentable, they do not undermine the legitimacy of the court's sentence in this case. There is ample support in the record for the sentence imposed upon appellant. Appellant's first assignment of error is found not well-taken.
 {¶ 19} In his second assignment of error, appellant claims he was denied effective assistance of counsel. The evidentiary requirements which must be met in order to establish ineffective assistance of counsel are delineated in the seminal case of Strickland v.Washington (1984) 466 U.S. 668. In order to prevail on an ineffective assistance of counsel claim, the following factors must be established; (1) trial counsel committed errors so egregious as to fall below a minimum objective standard of reasonableness, and (2) but for these errors of trial counsel, the result of the proceeding would have been different. See also State v. McDade, 6th Dist. No. OT-06-004,2007-Ohio-749.
 {¶ 20} In support of his ineffective assistance of counsel claim, appellant suggests that his counsel failed to adequately pursue appellant's low functioning as a basis to be held incompetent to stand trial. We need not belabor our analysis of this assertion. The record clearly belies this allegation.
 {¶ 21} Counsel for appellant secured two separate competency assessments of appellant prior to his plea and sentencing. The record clearly establishes that these assessments were thorough. Each of the mental health professionals assessing appellant *Page 7 
consistently concluded that he was mentally competent to stand trial. As indicated above, appellant himself testified eloquently as to his understanding of the improper nature of his actions during sentencing. The record shows that appellant received effective representation throughout the proceedings. The record is devoid of any objective indicia of ineffective representation. Appellant's second assignment of error is found not well-taken.
 {¶ 22} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Handwork, J., Skow, J. and Osowik, J. concur. *Page 1