[Cite as *State v. Keaton*, 2019-Ohio-3814.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-19-006

    Appellee                                Trial Court No. 18 CR 153

v.

James Keaton, II                            **DECISION AND JUDGMENT**

    Appellant                               Decided:  September 20, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, James Keaton, II, appeals the judgment of the Ottawa County

Court of Common Pleas, which convicted him of two counts of voyeurism in violation of

R.C. 2907.08(C) and (E)(5), felonies of the fifth degree, and sentenced him to a total prison term of 24 months. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On June 7, 2018, the Ottawa County Grand Jury indicted appellant on two counts of voyeurism in violation of R.C. 2907.08(C) and (E)(5), felonies of the fifth degree, and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1) and (F), a misdemeanor of the first degree.

{¶ 3} On December 17, 2018, appellant entered a plea of guilty to the two counts of voyeurism. In exchange for his guilty plea, the state agreed to dismiss the count of disseminating matter harmful to juveniles. In describing the factual basis for the charges, the state explained that during the month of October 2014, appellant hid a tablet or other electronic device in the bathroom of his home for the purpose of recording his minor step-daughter as she prepared to get into the shower. In addition, during the year 2016, the same step-daughter discovered a peep hole in her bedroom, on the other side of which was a small closet where appellant kept his belongings. The state alleged that appellant spied on the victim for the purpose of sexually arousing or gratifying himself.

{¶ 4} Sentencing was held on February 8, 2019. At the sentencing hearing, the victim's father spoke of the mental and emotional trauma suffered by the victim. Appellant's attorney then spoke in mitigation, arguing that appellant was a good candidate for community control. In particular, appellant's attorney highlighted that appellant has complied with the terms of his bond, has moved out of the county and away

2.

from the victim, has no substance abuse issues, has no criminal history aside from some motor vehicle matters, has an excellent history of employment, and has family support. Finally, appellant spoke on his own behalf. Appellant began by offering an apology to the victim's family. However, appellant then protested that he was not "this person that they have portrayed me to be." Appellant proceeded to state that the victim's "coward father" has a grudge against him and has been lying about him. Then appellant accused the victim of doing bad things. Appellant concluded by expressing that he was sorry that he put his friends and family through this ordeal, but stated "I am not this man."

{¶ 5} Upon hearing the statements from the parties, the trial court acknowledged that it had considered the principles and purposes of sentencing under R.C. 2929.11. The court also considered the seriousness and recidivism factors in R.C. 2929.12, and found that the "more likely" recidivism factors outweighed the "less likely" factors, and that the "more serious" factors outweighed the "less serious" factors. In addition, the trial court considered R.C. 2929.13, and noted that it had discretion to impose a prison term pursuant to R.C. 2929.13(B)(1)(b)(v) because these were sex offenses that were fifth degree felony violations of R.C. Chapter 2907. In imposing its sentence, the trial court commented that in his interview with the probation department, appellant denied committing the crimes, blamed bad parenting by the father and mother, and called the victim evil. Further, the court found that appellant's statements at sentencing were deplorable in that he took no responsibility, had no remorse, and blamed the victim and her family. Thus, the trial court sentenced appellant to the maximum prison term of 12

3.

months on each count, and ordered the prison terms to be served consecutively. In accordance with R.C. 2929.14(C)(4), the court found that consecutive prison terms were necessary to protect the public from future crimes and to punish the offender, and that they were not disproportionate to the seriousness of appellant's conduct, and further that the offenses were committed as part of one or more courses of conduct and the harm caused by the offenses was so great or unusual that no single prison term would adequately reflect the seriousness of appellant's conduct.

## II. Assignment of Error

{¶ 6} Appellant has timely appealed his judgment of conviction, and now asserts one assignment of error for our review:

1. The trial court abused its discretion in imposing a maximum twenty-four (24) month prison sentence upon defendant-appellant as it was against the manifest weight of the evidence.

## III. Analysis

{¶ 7} We review felony sentences under the approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, or otherwise modify a sentence, or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds either of the following:

4.

(a)  That the record does not support the sentencing court's findings under * * * (C)(4) of section 2929.14 * * *;

(b)  That the sentence is otherwise contrary to law."

**{¶ 8}** In his brief, appellant argues generally that the trial court abused its discretion, and that the 24-month prison sentence was against the manifest weight of the evidence.  In particular, appellant argues that maximum sentences should be reserved for the most violent and repeat offenders, which appellant is not.  Further, appellant cites his minimal criminal history, his compliance with the bond conditions, his education and employment, and his strong family support as factors that support a less than maximum sentence.  Finally, appellant references the trial court's "terse" response to his statement at sentencing, and concludes that the subsequent sentence was abrupt, arbitrary, and unreasonable.

**{¶ 9}** As to the trial court's findings in imposing consecutive sentences under R.C. 2929.14(C)(4), we find that the record supports the conclusion that appellant engaged in a pattern of conduct over the course of several years to spy on his minor step-daughter for the purpose of sexually arousing or gratifying himself.  The record further supports that as a result of appellant's actions the victim has been in counseling, and has struggled with depression and a lack of sleep.  Moreover, despite pleading guilty, appellant has taken no responsibility and demonstrated no remorse for his conduct.  Therefore, we cannot clearly and convincingly find that the record does not support the trial court's conclusions that consecutive prison terms were necessary to protect the public from future crimes and to

5.

punish the offender, that consecutive sentences were not disproportionate to the seriousness of appellant's conduct, and that the offenses were committed as part of one or more courses of conduct and the harm caused by the offenses was so great or unusual that no single prison term would adequately reflect the seriousness of appellant's conduct.

{¶ 10} Turning to whether the sentence is otherwise contrary to law, in *Tammerine*, we acknowledged that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 11} Here, appellant argues that a maximum sentence is not supported by the factors present in this case. However, "the individual decision maker has the discretion to determine the weight to assign a particular statutory factor." *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Moreover, "A trial court's discretion to impose a sentence within the statutory guidelines is very broad." *State v. Harmon*, 6th Dist. Lucas No. L-05-1078, 2006-Ohio-4642, ¶ 16. In reaching its conclusion that maximum prison terms were warranted based upon appellant's conduct of spying on his minor step-daughter for purposes of sexual arousal or gratification, the trial court expressly considered the principles and purposes of sentencing in R.C. 2929.11, and the seriousness

6.

and recidivism factors in R.C. 2929.12. Upon our review of the record, we cannot clearly and convincingly find that appellant's sentence is contrary to law.

{¶ 12} Accordingly, appellant's assignment of error is not well-taken.

## IV. Conclusion

{¶ 13} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.