DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of conviction entered by the Ottawa County Court of Common Pleas after defendant-appellant, Kevin W. Dickens, entered a plea of guilty to one count of unlawful sexual conduct with a minor, a fourth degree felony. *Page 2 
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. Counsel for appellant asserts that she has thoroughly examined the record in this case and can find no meritorious issues upon which an appeal can be predicated. Counsel for appellant has, however, consistentwith Anders, asserted the following potential assignments of error:
 {¶ 3} "I. The appellant-appellant's [sic] plea was not voluntarily and knowingly given where he was not advised as to the appellate rights he would be waiving, when he entered into the same plea.
 {¶ 4} "II. The trial court failed to give proper consideration to the sentencing factors set forth in R.C. 2929.11, et seq. for the sentencing of the appellant-appellant [sic]."
 {¶ 5} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous she should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if *Page 3 
the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court further notes that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 7} On January 18, 2008, appellant was charged by information with one count of unlawful sexual conduct with a minor who was 13 years of age or older but less than 16 years of age, in violation of R.C. 2907.04(A). On February 11, 2008, in open court, appellant entered a plea of guilty to the information. Prior to entering that plea, however, appellant signed in court a waiver of his right to be prosecuted by indictment. The court then proceeded with the plea. The court informed appellant of the elements of the crime to which he was pleading guilty, explained that it was a fourth degree felony and explained the potential penalties and the applicability of postrelease control. The court further determined appellant's level of education, determined that no one had promised him that he would receive probation or would subsequently receive judicial release, determined that appellant was not under the influence of alcohol or drugs, and determined *Page 4 
that appellant had never been treated for a mental illness. Then the court informed appellant that by entering a guilty plea, he was limiting the bases upon which he could appeal and that the court could proceed immediately to sentencing if it so wished. To all of the questions asked by the court, appellant responded that he understood.
 {¶ 8} The court then explained the constitutional rights appellant was waiving by entering a guilty plea. The court informed appellant that he had the right to a jury trial at which the state would be required to prove his guilt beyond a reasonable doubt; the right to confront witnesses; the right to compulsory process; and that he could not be compelled to testify against himself. The court further explained each of these rights in detail. Finally, before accepting appellant's guilty plea, the court informed appellant that at the time of sentencing he would be notified of the sexual offender classification reporting requirements. Again, appellant responded that he understood each and every one of these rights. The court, therefore, found that appellant understood the nature of the offense and the possible penalties that the court could impose and was voluntarily entering his plea. The court then found appellant guilty of the offense as stated.
 {¶ 9} On March 24, 2008, the case proceeded to a sentencing hearing. The court reviewed the presentence investigation report, listened to statements by appellant and his trial counsel, evaluated the seriousness and recidivism factors that it found applicable, and determined that this was a fourth degree felony sex offense and that appellant committed the offense while on community control. The court then concluded that a prison term was consistent with the purposes and principles of sentencing and that *Page 5 
appellant was not amenable to any type of community control sanction. In light of these considerations, the court sentenced appellant to 17 months incarceration. On March 31, 2008, the court filed a judgment entry reflecting the sentence as imposed in open court.
 {¶ 10} In his first potential assignment of error, appellant questions whether his plea was knowing and voluntary where he was not advised of the appellate rights he would be waiving by entering the plea.
 {¶ 11} Before accepting a guilty plea, Crim. R. 11(C)(2) demands that the trial court inform a defendant of the constitutional rights he is waiving by entering the plea. In that regard, the rule provides:
 {¶ 12} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 13} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 14} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 15} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront *Page 6 
witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 16} The underlying purpose of Crim. R. 11(C) is to insure that certain information is conveyed to the defendant which would allow him or her to make a voluntary and intelligent decision regarding whether to plead guilty. State v. Ballard (1981), 66 Ohio St.2d 473, 479-480. With respect to constitutional rights, a trial court must strictly comply with the dictates of Crim. R. 11(C). State v. Colbert (1991),71 Ohio App.3d 734, 737. However, a trial court need not use the exact language found in that rule when informing a defendant of his constitutional rights. Ballard, supra, paragraph two of the syllabus. Rather, a trial court must explain those rights in a manner reasonably intelligible to the defendant. Id.
 {¶ 17} For nonconstitutional rights, scrupulous adherence to Crim. R. 11(C) is not required; the trial court must substantially comply, provided no prejudicial effect occurs before a guilty plea is accepted.State v. Stewart (1977), 51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implication of his plea and the rights he is waiving."State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 18} We have thoroughly reviewed the transcript from the plea hearing below and conclude that the court strictly complied with the constitutional aspects of *Page 7 
Crim. R. 11(C) and substantially complied with the nonconstitutional aspects of that rule in accepting appellant's guilty plea. As appellant entered his plea knowingly, intelligently and voluntarily, the court did not err in accepting the plea and the first potential assignment of error is not well-taken.
 {¶ 19} In his second potential assignment of error, appellant questions whether the trial court gave proper consideration to the sentencing factors set forth in R.C. 2929.11, 2929.12 and 2929.13, in sentencing appellant and whether the sentence was therefore contrary to law.
 {¶ 20} Appellant pled guilty and was sentenced after the issuance of the Supreme Court of Ohio's decision in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. After Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100. "SinceFoster, trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion." State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 25.
 {¶ 21} Under Foster, sentencing courts are to continue to consider "the statutory considerations" or "factors" in the "general guidance statutes" in imposing sentences, as these statutes do not include a "mandate for judicial fact-finding." Foster, ¶ 36-42. R.C. 2929.11 sets forth the overriding purposes and principles of felony sentencing and R.C. 2929.12 provides the seriousness and recidivism factors that the court shall consider. No *Page 8 
specific language must be used to show consideration of the statutory factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. Discussion of the seriousness of the offense and likelihood of recidivism at the sentencing hearing serves as an indication that a trial court considered the factors outlined in the general guidance statutes. State v.Swartz, 6th Dist. No. L-06-1401, 2007-Ohio-5304, ¶ 10; State v.Teel, 6th Dist. No. S-06-011, 2007-Ohio-3570, ¶ 12.
 {¶ 22} "A trial court's discretion to impose a sentence within the statutory guidelines is very broad and an appellate court cannot hold that a trial court abused its discretion by imposing a severe sentence on a defendant where that sentence is within the limits authorized by the applicable statute. State v. Harmon, 6th Dist. No. L-05-1078,2006-Ohio-4642, ¶ 16, citing Harris v. U.S. (2002), 536 U.S. 545, 565."State v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 6.
 {¶ 23} In imposing sentence, the lower court expressly stated that it was obliged to fashion a sentence that would both protect the public and punish appellant. The court then listed the seriousness and recidivism factors that it had considered and determined that appellant was not amenable to an available community control sanction. The court then sentenced appellant to a term of 17 months incarceration, a term within the statutory guidelines for a fourth degree felony. R.C. 2929.14(A)(4). We have reviewed the record of the sentencing hearing below and conclude that the trial court acted within its discretion in imposing sentence. The second proposed assignment of error is not well-taken. *Page 9 
 {¶ 24} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., CONCUR. *Page 1