DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, William Sweeten, appeals the judgment of the Lorain County Court of Common Pleas, which denied his motion to withdraw his guilty plea and issued a judgment entry of conviction and sentencing. This Court affirms.
 I. {¶ 2} Mr. Sweeten was indicted on July 7, 2004, on three counts of non-support of dependents in violation of R.C. 2919.21(B), felonies of the fifth degree. He entered a not guilty plea to the charges. As Mr. Sweeten appeared to be indigent, the trial court appointed counsel to represent him. Subsequently, Mr. *Page 2 
Sweeten retained attorney Jack Bradley, and appointed counsel withdrew. Mr. Bradley later moved to withdraw from further representation due to Mr. Sweeten's failure to pay counsel fees. Mr. Sweeten obtained alternate counsel, although it is unclear from the record whether counsel was appointed or retained.
 {¶ 3} On October 6, 2006, Mr. Sweeten appeared in court with unnamed counsel and withdrew his not guilty plea and entered a plea of guilty to the indictment.
 {¶ 4} On January 9, 2007, Mr. Sweeten moved to withdraw his guilty plea. The trial court held a hearing the same day, denied the motion, and proceeded immediately thereafter to sentencing. The trial court sentenced Mr. Sweeten to a suspended prison term of six months and five years of community control. The trial court also imposed various other sanctions.
 {¶ 5} Mr. Sweeten timely appealed. This Court issued a journal entry, stating that we were without jurisdiction over the matter because the trial court's order did not satisfy the requirements of Crim.R. 32(C). The Court granted Mr. Sweeten an extension of time in which to obtain a final, appealable order. On August 1, 2007, Mr. Sweeten supplemented the record with an amended judgment entry of conviction and sentence which satisfies the requirements of Crim.R. 32(C).
 {¶ 6} Mr. Sweeten raises one assignment of error for review.
 II. *Page 3 ASSIGNMENT OF ERROR "TRIAL COUNSEL WAS INEFFECTIVE, AND APPELLANT WAS DENIED HIS RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
 {¶ 7} In his sole assignment of error, Mr. Sweeten argues that the judgment must be reversed because his trial counsel was ineffective in her representation at the hearing on the motion to withdraw his guilty plea. This Court disagrees.
 {¶ 8} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair [proceeding], a [proceeding] whose result is reliable." Id.
 {¶ 9} Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."Strickland, 466 U.S. at 691. This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. This Court must then *Page 4 
decide whether counsel's conduct fell outside the range of professional competence. Id.
 {¶ 10} In this case, Mr. Sweeten asserts that trial counsel was ineffective because she failed to present any evidence during the hearing on his motion to withdraw his guilty plea. Specifically, Mr. Sweeten argues that he was prejudiced by counsel's failure, because she could have easily presented evidence to show that "1) she was appointed the day of trial and did not review the client's file for evidence or any possible defenses, 2) the client did not want to plead guilty on the day the plea was changed, and 3) the guilty plea may not have actually been knowingly, intelligently and voluntarily entered under these extraordinary circumstances." Mr. Sweeten effectively directs this Court to consider such proferred evidence, which is outside the record, to determine that he was prejudiced by counsel's performance at the hearing.
 {¶ 11} The Ohio Supreme Court has held that a "reviewing court cannot add matter to the record before it, which was not part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. The high court has further directed that the ineffectiveness of counsel must be determined in these instances within the context of post-conviction relief remedies. The high court stated:
 "It may be that in the present case appellant can allege sufficient facts to state a claim of ineffective assistance of counsel. However, *Page 5 
it is impossible to determine whether the attorney was ineffective in his representation of appellant where the allegations of ineffectiveness are based on facts not appearing in the record. For such cases, the General Assembly has provided a procedure whereby appellant can present evidence of his counsel's ineffectiveness. This procedure is through the post-conviction remedies of R.C. 2953.21. This court has previously stated that when the trial record does not contain sufficient evidence regarding the issue of competency of counsel, an evidentiary hearing is required to determine the allegation. State v. Hester (1976), 45 Ohio St.2d 71. Such a hearing is the proper forum for appellant's claim." State v. Cooperrider (1983), 4 Ohio St.3d 226, 228.
 {¶ 12} Given that Mr. Sweeten's allegations of the ineffectiveness of counsel are premised on evidence outside the record, this Court finds that the proper mechanism for relief is through the post-conviction remedies of R.C. 2953.21, rather than through a direct appeal. Accordingly, Mr. Sweeten's assignment of error is without merit.
 III. {¶ 13} Mr. Sweeten's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 6 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
DONNA J. CARR FOR THE COURT
MOORE, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1