DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the June 14, 2006 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Kevin J. Smith, following his conviction. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant, Kevin J. Smith, asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} "Assignment of Error Number One.
 {¶ 3} "THE APPELLANT WAS NOT AFFORDED THE EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 4} "Assignment of Error Number Two.
 {¶ 5} "THE CONSECUTIVE SENTENCES IMPOSED BY THE TRIAL COURT ARE CONTRARY TO LAW AND INCONGRUOUS WITH THE PURPOSES OF FELONY SENTENCING IN OHIO.
 {¶ 6} "Assignment of Error Number Three.
 {¶ 7} "DUE PROCESS FORBIDS RETROACTIVELY APPLYING THE FOSTER REMEDY, WHICH ENDOWS THE SENTENCING COURT WITH PLENARY DISCRETION TO MR. SMITH. [SIC]"
 {¶ 8} Appellant pled guilty to charges of aggravated robbery and felonious assault. He was originally sentenced to five years and four years of imprisonment, respectively, to be served consecutively. Following an appeal from appellant's sentence and a reversal on appeal for re-sentencing pursuant to State v. Foster (2006), 109 Ohio St.3d 1, appellant was re-sentenced to the same terms of imprisonment. The court also added that appellant's sentence in this case was to be served consecutively with the sentence imposed in another case.
 {¶ 9} In his first assignment of error, appellant argues that his counsel at the sentencing hearing rendered ineffective assistance of counsel at that time. Appellant alleges that his counsel failed to call witnesses and attempted to ineffectively argue that *Page 3 
concurrent sentences were justified because all of the charges stemmed from one crack high. Appellant contends that his counsel gave the court a letter that the court considered, but appellant did not know the contents of the letter. The letter was not admitted into evidence. All of appellant's allegations involve matters outside the record and, therefore, cannot be resolved in a direct appeal. State v. Sweeten, 9th Dist. No. 07CA009106, 2007-Ohio-6547. Finding that appellant is unable to demonstrate that his trial counsel rendered ineffective assistance of counsel, we find appellant's first assignment of error not well-taken.
 {¶ 10} In his second assignment of error, appellant argues that consecutive sentences violated his Sixth Amendment rights under the United States Constitution because the court did not adequately consider all of the statutory factors of sentencing. We have already held inState v. Friess, 6th Dist. No. L-05-1307, 2007-Ohio-2030, ¶ 7, that a sentencing court need not recite every consideration it made during sentencing. The court satisfies its burden by articulating the sentencing statutes that it applied. Appellant's second assignment of error is not well-taken.
 {¶ 11} In his third assignment of error, appellant argues thatState v. Foster, supra, violates the Ex Post Facto Clause of the United States Constitution. This court has already rejected this argument in other cases and will stand by its decision based upon the doctrine of stare decisis. State v. Valenti, 6th Dist. No. WD-07-004,2007-Ohio-4911, ¶ 13. Appellant's third assignment of error is not well-taken. *Page 4 
 {¶ 12} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR. *Page 1