[Cite as *In re D.R.*, 2011-Ohio-4462.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

IN RE: D.R.

C.A. No.       11CA009970

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.       10JD29391

DECISION AND JOURNAL ENTRY

Dated: September 6, 2011

BELFANCE, Presiding Judge.

{¶1}    Appellant, D.R., appeals the dispositional order of the Lorain County Court of Common Pleas, Juvenile Division, that committed him to the Lorain County Jail for three consecutive ninety-day terms.

{¶2}    D.R. appeared in juvenile court and admitted that he was a delinquent child by virtue of committing two counts of complicity and one count of obstructing official business. During the dispositional hearing, D.R.'s attorney expressed some confusion with respect to whether the recommendations that the prosecutor and the probation department made involved a suspended jail sentence. The trial court clarified that the sentences were suspended with respect to the county detention home because D.R. was no longer a juvenile, but that he would still serve

the jail term in an adult facility. According to his attorney, D.R. "agree[d] with the recommendations, to the point that he just would like this closed out[.]" When D.R. said that he had nothing else to say, the trial court committed him to the Lorain County Jail to serve a ninety-day jail term for each offense, with fifty-four days credit for time served within the disposition for count one.

## ASSIGNMENT OF ERROR

**"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."**

{¶3} D.R.'s assignment of error is that, because his attorney did not object to the disposition once she realized that he would be sentenced to jail or move the trial court to permit D.R. to withdraw his admissions, he received ineffective assistance of counsel. Specifically, D.R. argues that he admitted the allegations in the complaint with the understanding that his entire jail term would be suspended.

{¶4} This Court applies the same analysis to claims of ineffective assistance of counsel for juveniles and adults: whether there was deficiency in the performance of counsel and that, but for counsel's errors, there is a reasonable possibility that the outcome of the proceeding would have been different. *In re Wood*, 9th Dist. No. 04CA0005-M, 2004-Ohio-6539, at ¶10. In the context of an admission of delinquency, a juvenile must demonstrate a reasonable probability that he would not have entered the admission in the absence of counsel's errors. See *State v. Xie* (1992), 62 Ohio St.3d 521, 524. The alleged ineffective assistance of counsel must be apparent from the record on appeal. See *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 228. When "allegations of the ineffectiveness of counsel are premised on evidence outside the record, * * * the proper mechanism for relief is through the post-conviction remedies of R.C. 2953.21." *State v. Sweeten*, 9th Dist. No. 07CA009106, 2007-Ohio-6547, at ¶12.

**{¶5}** In this case, D.R.'s claim of ineffective assistance of counsel is based on his representations that he misunderstood the possible dispositions that he faced; that his attorney knew about the misunderstanding; and that his attorney should have moved to withdraw the admission or objected to the disposition on that basis. These allegations are not premised on evidence in the record, however, and as such, they cannot form the basis of an ineffective assistance argument on direct appeal. See *Sweeten*, 2007-Ohio-6547, at ¶12. D.R.'s assignment of error is overruled.

**{¶6}** D.R.'s assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

BARBARA A. WEBBER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NICK J. HANEK, Assistant Prosecuting Attorney, for Appellee.