[Cite as *State v. Chaney*, 2015-Ohio-3293.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No. L-14-1161

      Appellee                                            Trial Court No. CR0201401383

v.

Wayne Chaney                                              **DECISION AND JUDGMENT**

      Appellant                                          Decided:  August 14, 2015

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Dexter L. Phillips, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Wayne Chaney, appeals his conviction in the Lucas County Court of Common Pleas for felonious assault with a firearm specification.  For the reasons that follow, we affirm the judgment of the trial court.

**{¶ 2}** Appellant sets forth two assignments of error:

Assignment of Error One: Appellant's convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.

Assignment of Error Two: Trial counsel rendered ineffective assistance in violation of appellant's Sixth Amendment right to counsel and pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to subpoena a witness and admit critical evidence.

**{¶ 3}** Appellant lived next door to husband and wife, Matthew and Jessica Banks, and often babysat for the Banks children. On February 19, 2014, Mr. and Mrs. Banks fought and Mrs. Banks left the family home with the children. Later that evening, at the request of Mrs. Banks, appellant entered the Banks home. Mr. Banks was home alone. Appellant had a firearm and a knife. Mr. Banks encountered appellant in the home and a struggle ensued between the two men. Appellant's firearm discharged, but no one was shot. Police officers responded and appellant was ultimately arrested.

**{¶ 4}** On March 10, 2014, appellant was indicted for felonious assault, a violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, with a firearm specification, pursuant to R.C. 2941.145.

**{¶ 5}** On July 21, 2014, the case was tried and the jury found appellant guilty of the charged offense and firearm specification. On July 23, 2014, appellant was sentenced

2.

to two years in prison on the felonious assault conviction and three years on the firearm specification. Appellant timely appealed.

{¶ 6} In his first assignment of error, appellant asserts two arguments. First, appellant argues the evidence presented by the state of Ohio was insufficient to convince any rational trier of fact beyond a reasonable doubt of all the essential elements of felonious assault with an attendant firearm specification. Second, appellant argues the manifest weight of the evidence does not support his conviction.

{¶ 7} In a criminal case, a verdict may be overturned on appeal if it is either against the manifest weight of the evidence or there is an insufficiency of evidence. Sufficiency of the evidence is purely a question of law. *State v. Robinson*, 162 Ohio St. 486, 486, 124 N.E.2d 148 (1955). Under this standard of adequacy, a court must consider whether the evidence is legally sufficient to support the conviction, as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The proper analysis is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus (superseded by statute and constitutional amendment on other grounds), *following Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *overruled on other ground by Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

3.

{¶ 8} Here, appellant and Mr. Banks both testified at trial, as did appellant's mother and law enforcement officers. Although Mrs. Banks was a witness to some of the events, she did not testify. Appellant testified to the following. He was friends with Mrs. Banks and on the night in question, Mrs. Banks contacted him and asked him to meet her and follow her home because she and her husband had been arguing. Appellant went to meet Mrs. Banks and followed her home; she pulled into the driveway. Mrs. Banks asked appellant to go inside the Banks house with her, but he told her to call the police. She said she had called, but the police were not coming out. Appellant instructed Mrs. Banks to go wait for him on the porch as he was going to get his pistol and knife out of the car since he had been threatened and assaulted by Mr. Banks in the past and was afraid for his own safety. When Mrs. Banks opened the door to the Banks home and walked in, she was followed by her children, a friend and appellant. As appellant entered the house, Mr. Banks had a phone in his hand, videotaping the events. While appellant looked around to see if anyone else was in the house, Mr. Banks kicked appellant in the shin. Appellant turned to walk into the living room when Mr. Banks jumped on him from behind and started beating him. Appellant fell facedown with Mr. Banks on his back, punching him. Appellant started laughing so Mr. Banks started choking appellant until he blacked out. When appellant woke up, Mr. Banks was yelling at him and the gun was on the floor between the men. Both men reached for the gun, but Mr. Banks grabbed it, pointed it at appellant and started pulling the trigger; the gun did not discharge. Mr. Banks went into the bedroom. Appellant then got up and tried to open the bedroom door,

saying "give me my gun back." Appellant did not get his arm through the bedroom door. As appellant was kicking the bottom of the door, he heard the gunshot. Appellant ran out to the front porch and waited for the police to arrive.

{¶ 9} On cross-examination, appellant was asked about two other versions of events which he had told law enforcement. One account was that when appellant went into the house, Mr. Banks grabbed the gun and ran to the bedroom while appellant ran for the front porch and never went to the bedroom door. Appellant then changed his story and said he did go to the bedroom door and kicked the door.

{¶ 10} Mr. Banks testified as follows. He was at home alone when he looked through his kitchen window and saw his wife pull into the neighbor's driveway. He went into the living room, unlocked and opened the front door and thought his wife and kids were going to come in the house. However, appellant opened the door and came in the house, so Mr. Banks told appellant to "get out of my house." Appellant advanced at Mr. Banks, grabbed him and the two started to tussle. Mr. Banks hit appellant and tried to choke him because Mrs. Banks had said, "Matt, he's got a gun, he's going for his gun." Mr. Banks saw appellant pull the gun out, so the two struggled for the gun. Mr. Banks was exhausted, so he got up, walked back into his bedroom, closed the bedroom door and stood against the door. Appellant then "started trying to get through the door," so Mr. Banks dropped to the ground with his back against the door and his feet up on his bed to brace himself. Appellant's arm came through the top of the door with the pistol pointed at Mr. Banks, so Mr. Banks grabbed the gun's barrel in order to point it away from

5.

himself and that is when appellant fired the gun. Mr. Banks then pried the gun out of appellant's hand and tried to return fire through the door but the gun would not rechamber. Mr. Banks came out of the bedroom and saw appellant on the front porch; the two were "talking crap back and forth" when appellant pulled out a folding knife. Mr. Banks returned to his room and stayed there until the police arrived.

{¶ 11} R.C. 2903.11(A)(2) defines the offense of felonious assault and provides that "[n]o person shall knowingly * * * [c]ause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶ 12} A review of the record shows the evidence presented was legally sufficient to support appellant's conviction, as there was evidence that appellant produced a gun and fired it in Mr. Banks' direction. Such evidence, if believed, was adequate to prove that appellant knowingly attempted to cause physical harm to Mr. Banks with a deadly weapon. Since there was sufficient evidence to support his conviction, appellant's first argument is without merit.

{¶ 13} The standard of review for manifest weight is the same in both criminal and civil cases, and an appellate court's function is to determine whether the greater amount of credible evidence supports the verdict. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, paragraph four of the syllabus; *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541. The appellate court must "examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses, and determine whether the jury 'clearly lost its way and created such a manifest miscarriage

6.

of justice that the conviction must be reversed and a new trial ordered.'" *State v. Tibbetts*, 92 Ohio St.3d 146, 163, 749 N.E.2d 226 (2001), quoting *Thompkins* at 387.

{¶ 14} Here, to support his proposition that the jury verdict was against the manifest weight, appellant relies on his testimony as well as the physical evidence, which did not conclusively demonstrate who fired the gun. Appellant also argues many gaps in the evidence could have been filled by the testimony of Mrs. Banks, but she did not testify.

{¶ 15} Since Mrs. Banks did not testify at trial, we cannot consider her nonexistent testimony in resolving the manifest weight issue raised by appellant. The jurors observed appellant's demeanor when he testified and viewed the physical evidence. It was within the jury's province to make credibility determinations. Upon review of the evidence presented, we cannot say the evidence weighed heavily against appellant's conviction or that the jury lost its way in finding appellant guilty. Appellant's second argument is without merit. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 16} In his second assignment of error, appellant asserts he was denied the effective assistance of counsel at trial.

{¶ 17} It is well-established that claims of ineffective assistance of counsel are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment

7.

of the United States Constitution, and (2) that counsel's deficient performance prejudiced the defense. *Id*. at 687. Prejudice is shown where there is a reasonable probability that a different result would have occurred in the case but for the counsel's unprofessional errors. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus. The Supreme Court defines a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 18} The burden of proof is high given Ohio's presumption that a properly licensed attorney is competent. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156, 524 N.E.2d 476 (1988). A court "must be 'highly deferential' to trial counsel and must 'indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance.'" *Strickland* at 687. Issues which are arguably a matter of counsel's trial tactics and strategies do not constitute ineffective assistance. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980), citing *State v. Lytle*, 48 Ohio St.2d 391, 396, 358 N.E.2d 623 (1976), *vacated on other grounds* 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154 (1978). Additionally, hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time. *Strickland* at 667-68.

{¶ 19} Here, appellant asserts his trial counsel was ineffective for failing to introduce the 911 calls into evidence and neglecting to uphold appellant's right to compulsory process of potentially exculpatory testimony from Mrs. Banks. Appellant argues his counsel failed to seek a continuance to secure Mrs. Banks' presence at trial, as

8.

Mrs. Banks was not just a highly relevant, exculpatory witness, but the only witness who could testify to statements on the 911 tape. Appellant also contends his counsel should have obtained Mrs. Banks' return of service for the record, so once she was served and did not appear, counsel could move the court for an order of contempt and issuance of an arrest warrant.

{¶ 20} Applying the first prong of *Strickland*, we find appellant has not shown that counsel's representation fell below an objective standard of reasonableness. Rather, our review of the July 21, 2014 transcript reveals counsel demonstrated familiarity with the relevant facts and law, and she fully discussed pertinent matters with her client. With respect to appellant's arguments regarding counsel's failure to offer the 911 tape into evidence and secure Mrs. Banks' attendance at trial, these matters are not in the record and therefore cannot be resolved on direct appeal. *See State v. Smith*, 6th Dist. Lucas No. L-07-1011, 2007-Ohio-7104, ¶ 9. The proper mechanism for raising issues outside of the record is through postconviction remedies. *See State v. Sweeten*, 9th Dist. Lorain No. 07CA009106, 2007-Ohio-6547, ¶ 10-12. As appellant fails to satisfy the first prong of *Strickland*, no further review is warranted.

{¶ 21} Even if it were assumed counsel's performance was ineffective, appellant must still show the error had a prejudicial effect on the judgment. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶ 22} Here, appellant testified he was aware that a probability of a confrontation with Mr. Banks loomed because he and Mr. Banks had a previous altercation. Thus,

9.

appellant armed himself for protection before entering the Banks home. The jury found appellant discharged his firearm in an attempt to cause harm to Mr. Banks. Absent evidence that appellant did not discharge the firearm, other than his own accounts of the events, there is no reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Based on the foregoing, we are unable to find that appellant was denied effective assistance of counsel. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 23} The judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.        _____
JUDGE
Arlene Singer, J.        

Stephen A. Yarbrough, P.J.        _____
CONCUR.        JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.