[Cite as *State v. Beaver*, 2019-Ohio-3411.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

STATE OF OHIO

    Appellee

v.

DWAINE L. BEAVER

    Appellant

C.A. No.    18CA0055-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    17CR0871

DECISION AND JOURNAL ENTRY

Dated: August 26, 2019

HENSAL, Judge.

{¶1}    Dwaine Beaver appeals his conviction in the Medina County Court of Common Pleas for gross sexual imposition. For the following reasons, this Court affirms.

I.

{¶2}    Mr. Beaver put his hand down the front of his five-year-old granddaughter B.B.'s underwear while they were in his basement viewing his worm farm. Although he alleged that he was only checking to see whether she had a wetting accident, the Grand Jury indicted him on one count of gross sexual imposition. A jury found him guilty of the offense, and the trial court sentenced him to four years imprisonment. Mr. Beaver has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT DWAINE BEAVER WAS RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL THROUGH TRIAL COUNSEL'S FAILURE TO MEET THE STANDARD OF PROFESSIONAL CONDUCT REQUIRED IN VARIOUS PARTS OF THE

TRIAL INCLUDING BUT NOT LIMITED TO FAILURE TO PROPERLY EXECUTE A SUBPOENA TO A KEY DEFENSE REBUTTAL WITNESS, AND FAILURE TO OBJECT TO THE COMPETENCY FINDING OF THE MINOR WITNESS.

{¶3} Mr. Beaver's first assignment of error is that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, Mr. Beaver must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). In addition, to establish prejudice, Mr. Beaver must show that there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶4} Mr. Beaver argues that his trial counsel's performance was deficient because his counsel failed to properly subpoena a witness that could have discredited the testimony of B.B.[1] Mr. Beaver notes that one of the issues at trial was whether his touching of B.B. was "for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). B.B. testified that,

---

[1] Although Mr. Beaver's assignment of error also asserts that his counsel was ineffective for not objecting to the trial court's competency finding, Mr. Beaver has not developed an argument as to that issue in the body of his brief so this Court will disregard it. App.R. 12(A)(2).

after Mr. Beaver touched her, he told her that they should keep it a secret between the two of them, implying that the act may have had a sexual purpose. According to Mr. Beaver, his attorney failed to properly subpoena a hospital employee who conducted an intake interview with B.B. Mr. Beaver alleges that the employee would have testified that B.B. did not state during the interview that he had asked her to keep the touching a secret, undermining B.B.'s allegation at trial.

{¶5} After the trial court quashed the subpoena to the hospital employee, Mr. Beaver did not make a proffer regarding her testimony. There is also no other indication in the record about what her testimony would have been. This Court has held that, if "allegations of the ineffectiveness of counsel are premised on evidence outside the record, * * * the proper mechanism for relief is through the post-conviction remedies of R.C. 2953.21, rather than through a direct appeal." *State v. Sweeten*, 9th Dist. Lorain No. 07CA009106, 2007-Ohio-6547, ¶ 12. Thus, even if Mr. Beaver's counsel's performance was deficient for not properly serving the subpoena, we are unable to determine on the record before this Court whether there is a reasonable probability that the outcome of the trial would have been different if the witness had testified. We, therefore, overrule Mr. Beaver's first assignment of error. *See State v. Emich*, 9th Dist. Medina No. 17CA0039-M, 2018-Ohio-627, ¶ 18 (explaining that this Court may not engage in assumptions about materials that are not in the record to sustain an ineffective-assistance-of-counsel argument).

## ASSIGNMENT OF ERROR II

PROPER IN CAMERA INSPECTION. THE TRIAL COURT FAILED TO CONDUCT A PROPER IN CAMERA INSPECTION AND ELEMENTS OF FINDING OF COMPETENCY OF A MINOR WITNESS, AGE 5.

{¶6} Mr. Beaver's second assignment of error is that the trial court incorrectly determined that B.B. was competent to testify. Mr. Beaver argues that the court's examination of B.B. established that she was not adequately able to distinguish fact from fiction. He also argues that the court failed to adequately assess B.B.'s intellectual capacity to recount events accurately.

{¶7} Evidence Rule 103(A)(1) provides that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection * * *." Following the trial court's examination of B.B.'s competency, Mr. Beaver's counsel stated that "it appears that she does overcome the presumption against competency so I'm not going to object." Accordingly, we conclude that, under Rule 103(A)(1), Mr. Beaver is precluded from challenging B.B.'s competency on appeal. Evidence Rule 103(D) provides that this Court may still notice plain error, but Mr. Beaver has not argued that the trial court's conduct amounted to plain error in his brief, and we decline to construct an argument for him. *See State v. Garfield*, 9th Dist. Lorain No. 09CA009741, 2011-Ohio-2606, ¶ 45 (declining to construct plain error argument for defendant who forfeited evidentiary issue under Rule 103(A)). Mr. Beaver's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

> CRIM. R. 29 MOTION FOR DISMISSAL. THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT-APPELLANT'S MOTION FOR DISMISSAL PURSUANT TO CRIM. R. 29.

{¶8} Mr. Beaver's third assignment of error is that the trial court incorrectly denied his motions for acquittal under Criminal Rule 29. Under that rule, a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a

conviction * * *." Crim.R. 29(A). Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶9} Mr. Beaver argues that the State failed to prove that the touching was for the purpose of sexual gratification of either him or B.B. He notes that there was no evidence that he engaged in any sort of repetitive movement, rubbing, or attempted stimulation while he was attempting to determine if B.B. was wet. He also notes that both B.B. and her mother testified that B.B. still occasionally had wetting problems at the time of the incident.

{¶10} The jury found Mr. Beaver guilty of one count of gross sexual imposition under Revised Code Section 2907.05(A)(4). That section provides that "no person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person * * * is less than thirteen years of age * * *." R.C. 2907.05(A)(4). "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). "A person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against

conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature." R.C. 2901.22(A).

**{¶11}** "A person's purpose or intention may be proven through direct or circumstantial evidence." *State v. Persinger*, 9th Dist. Lorain No. 13CA010397, 2014-Ohio-4125, ¶ 5. "[I]n the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer a purpose of sexual arousal or gratification from the 'type, nature and circumstances of the contact, along with the personality of the defendant.'" *State v. Antoline*, 9th Dist. Lorain No. 02CA008100, 2003-Ohio-1130, ¶ 64, quoting *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist.1991). "From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim." *Cobb* at 185.

**{¶12}** According to B.B.'s mother, at the time of the incident, B.B. occasionally wet herself. When she did, B.B. would immediately notify her mother and then go change herself. B.B.'s mother also testified that Mr. Beaver had never been involved in B.B.'s potty training and had never changed one of her diapers.

**{¶13}** According to B.B., while visiting her grandparents with her parents, Mr. Beaver took her downstairs to the basement to see a worm farm. After going downstairs, they went over to a table and Mr. Beavers asked her to stand on it. He then put his hand inside her panties and touched her crotch. He told her that he was checking to see if she was wet and he kept his hand there for a "moment[.]" Mr. Beaver also told her to "just keep this between you and me." According to B.B., Mr. Beaver did not ask her if he could check to see if she was wet before he did so. After he was finished, Mr. Beaver lowered B.B. off the table, they saw the worms, and went back upstairs. B.B.'s mother testified that, when B.B. told her about the touching, B.B. said that it lasted for a minute and was not a quick touch.

**{¶14}** Viewing the evidence in a light most favorable to the State, we conclude that there was sufficient circumstantial evidence from which a rational trier of fact could infer that Mr. Beaver touched B.B.'s pubic region for the purpose of sexual arousal or gratification. Mr. Beaver's third assignment of error is overruled.

III.

**{¶15}** Mr. Beaver's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


<u>APPEARANCES:</u>

THOMAS T. MULLEN, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.