[Cite as *State v. Ford*, 2020-Ohio-4634.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0001** |
| WILLIAM G. FORD, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Eastern District Court, Case No. 2019 CR 00626.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Deena L. DeVico*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, Ohio 44481-1092 (For Plaintiff-Appellee).

*Sarah Thomas Kovoor*, Kovoor Law, LLC, 155 South Park Avenue, Suite 165, Warren, Ohio 44481 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, William G. Ford, Jr. ("Mr. Ford"), appeals his conviction for one count of sexual imposition in the Trumbull County Eastern District Court following a bench trial.

{¶2} Mr. Ford raises two assignments of error on appeal, arguing: (1) there was insufficient evidence to support his conviction because there was no evidence or corroborating evidence of a sexual purpose of touching, and (2) the trial court erred in

allowing an eight-year-old to testify without conducting a voir dire of the child's competency.

{¶3} We find Mr. Ford's assignments of error to be without merit. Firstly, considering the totality of the circumstances, there was more than sufficient evidence of sexual contact with an erogenous zone for the purpose of sexual gratification by way of the victim's testimony of the uninvited touching of her arm and thigh followed by Mr. Ford asking her what she wanted to do and if she wanted to go upstairs. Corroborating evidence was introduced via the victim's sister that Mr. Ford touched the victim's hips, and Mr. Ford's testimony that he arrived at the home where he knew the victim would be alone babysitting at 1 a.m., that he commented on the victim's "buff" arms, and the critical admission that he touched her arm and squeezed her thigh.

{¶4} Secondly, the trial court held an in camera voir dire of the minor witness to determine her competency to testify at trial and found the minor witness to be competent after inquiring as to all of the relevant factors of competency of a minor witness and with no objection from defense counsel. As to satisfying the corroborative evidence component of R.C. 2907.06(B), the trial court found the minor witness' testimony to be relevant that a touching occurred and that Mr. Ford's own testimony and demonstration to the court was sufficient corroborating evidence of sexual contact. Thus, the judgment of the Trumbull County Eastern District Court is affirmed.

**Substantive and Procedural Facts**

{¶5} On April 29, 2020, the Brookfield police were dispatched to investigate a possible sexual assault of a fifteen-year old minor, "A.T.G." Officer John R. Bizub ("Officer

2

Bizub") reported to the scene, where he spoke with A.T.G. and A.T.G.'s stepmother, Jessica Keith ("Ms. Keith").

{¶6} A.T.G. reported to Officer Bizub that at approximately 1:00 a.m., Mr. Ford knocked on the door of Ms. Keith's apartment, where she was babysitting eight children. Ms. Keith was with a friend, Blaise Meek ("Ms. Meek"), who was having a baby at the hospital. Mr. Ford is the father of the baby, who had been born three hours earlier. A.T.G. explained that Mr. Ford touched her inappropriately and made suggestive comments.

{¶7} After interviewing A.T.G., Officer Bizub went to Mr. Ford's apartment, which was located down the street, but he was not at home. Officer Bizub and another officer, Detective Aaron Kasiewicz ("Det. Kasiewicz"), returned to Ms. Keith's apartment and re-interviewed A.T.G. and several of the children.

{¶8} During that time, a patrolman on duty called Officer Bizub and informed him that he was responding to a suspicious person down by a local business, which turned out to be Mr. Ford. Mr. Ford was walking back up the road to his apartment. Officer Bizub and Det. Kasiewicz were able to locate Mr. Ford and asked him if they could go inside and speak with him about what happened. After several questions, the officers Mirandized Mr. Ford and continued the interview.

{¶9} Based upon the inconsistencies in Mr. Ford's story and the statements from the victim and witnesses, the officers took Mr. Ford into custody and charged him with one count of sexual imposition in violation of R.C. 2907.06(A)(4), a third-degree misdemeanor. The officers transported Mr. Ford to the Trumbull County Jail, where he was held for his video arraignment.

{¶10}   Mr. Ford pleaded not guilty at his arraignment, and the case proceeded to a bench trial.

{¶11}   Prior to the trial, the court held two in camera interviews of minor witnesses, 6-year-old "Z.H." and 8-year old "A.K.", who is also A.T.G.'s sister.   Both were found competent to testify as witnesses, but only A.K. actually testified at trial.

{¶12}   A.T.G., A.K., Officer Bizub, and Det. Kasiewicz testified for the state.

{¶13}   A.T.G. testified she had been babysitting a total of eight children under the age of nine for Ms. Keith and Ms. Meek, who had gone into labor.  At approximately 1:00 a.m., A.T.G.'s sister told her someone was at the door.  A.T.G. identified Mr. Ford in the courtroom as the person who was at the door that night.  She testified that all the children were in the family room, and Mr. Ford and A.T.G. were in view at the bottom of the stairs. Mr. Ford told A.T.G. about his baby and then told her "how nice my arms where [sic] as he rubbed them and they must be nice because like I have a gym around the corner from my house.  And I was like frozen at that point.  And then he proceeded to touch my thigh and inner thigh."

{¶14}   When asked to demonstrate what Mr. Ford was doing, A.T.G. demonstrated to the court and stated, "Just – more like just groping them."  After that, "He proceeded to rub my thigh and my inner thigh."  "He proceeded to ask me what I wanted to do, if I wanted to go upstairs.  And I told him that he needed to leave."   A.T.G. testified at that point, Mr. Ford "looked over at the kids and then mumbled something.  I can't recall exactly what it was at this moment.  And then he left.  And that's when I called my stepmom hyperventilating."  Her stepmother called A.T.G.'s mother, Ivena Gibbs ("Ms. Gibbs"), and they called the police.

4

{¶15} A.T.G. testified that Mr. Ford scared her because he is a very big man and she was home alone with young children. He had "told [her] stepmom and his baby mom that he was going to get food from Taco Bell * * *." She testified that she initially thought Mr. Ford came over to get Ms. Meek's younger daughter. She did not know his exact reason for coming over. A.T.G. further testified that Mr. Ford's touching meant he wanted "to go upstairs and have sex with him."

{¶16} A.T.G.'s 8-year old sister, A.K., testified that on the night of the incident, she was laying on a black couch, when Mr. Ford came over after midnight. She testified that all she "can remember is that [Mr. Ford] was touching [A.T.G.'s] hips."

{¶17} Officer Bizub testified that according to A.T.G., Mr. Ford touched "her arm – her hand, her arm, her thigh and her butt." He further testified that: Mr. Ford initially admitted that "he only touched [A.T.G.'s] her arm;" Mr. Ford stated he did not mean any harm when he told A.T.G. to not be "tripping," it is just a "street term;" and Mr. Ford told him that he went to Ms. Keith's home to find his cell phone.

{¶18} Det. Kasiewicz also testified as to the police investigation. The detective recounted that "when we first had contact with [Mr. Ford], he had stated that he had only touched her leg. At that point again he was advised of his Miranda rights; and upon speaking with him further he stated that he had touched [A.T.G.'s] leg but changed it to he had touched her arm, telling her she was fit like an athlete. Then once confronted with her claim of the incident that he had touched her inner thigh and buttocks, he denied doing such and that he only touched her arm and then by her side."

{¶19} At the close of the state's case, Mr. Ford made a Crim.R. 29 motion for acquittal, arguing sexual imposition requires corroborative evidence that Mr. Ford touched

5

A.T.G. in an "erogenous zone." The court denied the motion, finding that A.K.'s testimony was sufficient "to verify the testimony from the victim."

{¶20} In his own defense, Mr. Ford testified that he told A.T.G. about the new baby, and "initially I said, you know, she was talking like using her hands. I said, man – I touched her right here on her forearm and I said you're pretty buff for a girl. She said yeah. I said I bet you got that knock-out power, huh. She kind of laughed. I said, well, you know, you're pretty strong for a girl. She said feel right here, touch right here (indicating)." He clarified that was "the forearm and right here (indicating), and this part of her leg," which he further explained was "the outside of the leg." He denied touching her buttock or inner thigh, testifying that "my hand never went anywhere near those areas."

{¶21} On cross-examination, Mr. Ford admitted to squeezing her leg, "where she had given me permission," stating that it was "the lower part, yes, absolutely." In response to Mr. Ford's demonstration to the court, the prosecutor stated, "Okay. That looked kind of like the middle of the thigh," to which Mr. Ford replied, "I bore witness to it."

{¶22} Mr. Ford denied seeing A.T.G. earlier in the day when he and Ms. Meek dropped off Ms. Meek's daughter at Ms. Keith's apartment before heading to the hospital. He stated he did not get out of the car. When asked why he went back to Ms. Keith's apartment after midnight, Mr. Ford testified he was "just retracing my steps, all the places I had been that day initially." After the encounter with A.T.G., he left Ms. Keith's apartment and decided to take a walk in the rain "to clear his head."

{¶23} Before finding Mr. Ford guilty, the court reiterated the statute and the evidence, stating: "The other person is 13 years of age or older but less than 16 years of

6

age, and the offender is at least 18 years of age and four or more years older than such other person. And the other really relevant portion is no person shall be convicted of this violation – of a violation of this section solely upon the victim's testimony unsupported by other evidence. Clearly the child is less than 16, no one's disputed that, at the date of the incident. We can debate whether he knew the conduct was offensive, it certainly was reckless. * * * I think it's relevant to consideration here, however, [A.K.] testified that there was touching. However, my notes indicate she was not more specific than that. And even if she had been, it appears she would have been blocked from the partition wall on seeing exactly where below the waist he did touch so I have a question whether that's sufficient supporting evidence. However, this occurred at 1:00 a.m., a child in her pajamas has opened the door. Defendant, by his testimony, invited to touch her thigh; by her testimony, not invited to touch the thigh. I'm inclined to believe she's 16 – or less than 16 I should say – invited or not, he shouldn't touch her thigh. And I think he corroborated it himself by his demonstration in the courtroom. Therefore, I find the Defendant has corroborated the evidence offered. I, therefore, find the Defendant guilty of the charge as filed."

{¶24} The court subsequently sentenced Mr. Ford to a fine, 60 days in jail with 30 days suspended and credit for time served, registration as a Tier I Sex Offender, and probation for one year. The trial court stayed execution of Mr. Ford's sentence pending this appeal.

{¶25} Mr. Ford raises two assignments of error for our review:

{¶26} "[1.] Insufficient evidence supported the conviction.

{¶27} "[2.] The trial court erred in allowing an 8-year-old's testimony to corroborate a charge of sexual imposition without conducting voir dire of the 8-year-old for competency."

**Sufficiency of the Evidence**

{¶28} In his first assignment of error, Mr. Ford limits the scope of error to sufficiency of evidence of a sexual purpose, arguing there was no evidence of a sexual purpose and no corroborative evidence of a sexual purpose.

{¶29} "[T]he standard of review for a sufficiency of the evidence claim is 'whether after viewing the probative evidence and the inference[s] drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence.' * * * 'In essence, sufficiency is a test of adequacy[;] [w]hether the evidence is legally sufficient to sustain a verdict * * *.'" (Citations omitted.) *State v. Rice*, 11th Dist. Lake Nos. 2018-L-065 & 2018-L-066, 2019-Ohio-1415, ¶65. "Sufficiency of the evidence tests the burden of production." (Citation omitted.) *Id.*

{¶30} Pursuant to R.C. 2907.06:

{¶31} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

{¶32} "* * *

8

{¶33} "(4) The other person, or one of the other persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.

{¶34} "* * *

{¶35} "(B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence."

{¶36} Mr. Ford argues that the state failed to introduce any evidence that he engaged in "sexual contact," which is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." He contends that the state was required to introduce evidence that corroborated a sexual purpose/gratification in the touching, arguing the state's corroborating witness, minor A.K., only testified that she observed Mr. Ford touch A.T.G.'s "hips."

{¶37} Mr. Ford, however, misapprehends the court's ruling and the relevant law.

{¶38} Firstly, at the end of the state's case in chief, in response to the defense's Crim.R. 29 motion for acquittal, the court found A.K.'s testimony relevant that "touching" of A.T.G.'s hips occurred. The testimony connected Mr. Ford with the crime, proved some material fact, and related to the sexual contact between Mr. Ford and the victim. Thus, the victim's testimony, along with A.K.'s testimony, was sufficient to deny the motion and allow the trial to go forward.

9

{¶39} Our court has held in *State v. Morris*, 11th Dist. Lake No. 93-L-157, 1994 WL 738802 (Dec. 30, 1994), that: "[c]orroboration does not require presentation of evidence independent of the testimony to support *every element* of the crime charged, 'but only that there be circumstantial evidence, or testimony of some witness other than the accomplice, tending to *connect* the defendant with the crime charged and to prove *some* of the material facts testified to by the accomplice.' * * * The corroboration must 'go to the very substance or foundation of the crime-in effect, the *corpus delicti*.' Since the material substance of R.C. 2709.06 is the sexual contact, the evidence or testimony *must relate* to the sexual contact between the accused and the alleged victim." (Emphasis added.) (Citations omitted.) *Id.* at *6. Further, while the act of touching alone may not be sufficient for a conviction, the act of touching may constitute strong evidence of intent of sexual contact. (Citation omitted.) *State v. Mack*, 1st Dist. Hamilton No. C-50968, 2006-Ohio-6284, ¶9.

{¶40} At the close of evidence, the court found Mr. Ford to be the corroborating witness, determining that his own testimony as well as his physical demonstration to the court of what and where he touched the victim's body was relevant. A review of the transcript reveals the trial court concluded that "Defendant, by his testimony, invited to touch her thigh; by her testimony, not invited to touch the thigh. I'm inclined to believe she's 16 – or less than 16 I should say – invited or not, he shouldn't touch her thigh. And I think he *corroborated it himself* by his demonstration in the courtroom. Therefore, I find the Defendant has corroborated the evidence offered." (Emphasis added.) There is no doubt that Mr. Ford's testimony and demonstration to the court related to A.T.G.'s

testimony of sexual contact and that it corroborated her testimony, connecting Mr. Ford to the crime.

{¶41} As the Supreme Court of Ohio stated in *State v. Economo*, 76 Ohio St.3d 56 (1996): "'The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory.' *The 'other evidence' need only be minimal evidence which tends to support the victim's testimony. Avon Lake v. Pinson* (1997), 119 Ohio App.3d 567 * * *." (Emphasis added.) *State v. Collins*, 8th Dist. Cuyahoga No. 82200, 2003-Ohio-4817, ¶8.

{¶42} Mr. Ford cites to several cases in support: *In re Redmond*, 3d Dist. Allen No. 1-06-90, 2007-Ohio-3125; *Collins, supra*; and *Morris, supra*.

{¶43} *In re Redmond* involved an appellant who was convicted of two counts of gross sexual imposition following inappropriate behavior at school. *Id.* at ¶2. The Third District reversed his conviction, holding there was insufficient evidence pertaining to the appellant's purpose to sexually arouse or gratify himself or the victim because it was in a public place surrounded by classmates; thus there could be several different reasons why the appellant may have engaged in this behavior. *Id.* at ¶10. The circumstances surrounding this case, however, are markedly different than two school children in a school setting.

{¶44} The appellant in *Collins* was convicted of three charges of gross sexual imposition. *Id.* at ¶1. On three different occasions in a single evening, the appellant touched the victim in various erogenous zones. *Id.* at ¶2-3. The Eighth District reversed

11

one of the appellant's convictions because the facts revealed a distinction between the first and the subsequent "touching" encounters by the appellant. *Id.* at ¶9. In the first instance, the appellant was trying to lift himself from the ground – he had been sitting between the victim's legs getting his hair braided. *Id.* at ¶2, 11. The victim herself commented that this first touch was not made for the purpose of arousal or sexual gratification. *Id.* at ¶11. There was sufficient evidence, however, that the subsequent "touching" encounters were done for sexual arousal/gratification. *Id.* at ¶20.

{¶45} The innocuous first "touching" in *Collins* is distinctly different than the present case, where the victim testified that she believed Mr. Ford wanted to go upstairs and have sex with her. As the court in *Collins* explained: "[w]hether the touching was undertaken for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature and circumstances surrounding the contact. The determination of a defendant's mental state, absent some comment on his or her part, must of necessity be determined by the nature of the act, when viewed in conjunction with the surrounding facts and circumstances." (Citation omitted.) *Id.* at ¶19.

{¶46} Lastly, in *Morris*, this court reversed one of the appellant's three convictions for gross sexual imposition because there was no corroborating evidence per R.C. 2907.06(B) of sexual contact on the second count – only evidence as to the touch itself. *Id.* at *6. Unlike *Morris,* there is evidence in this case by way of the victim's testimony, and later in the trial, Mr. Ford's testimony, to infer Mr. Ford touched A.T.G.'s thigh for the purpose of sexual arousal or gratification.

{¶47} Mr. Ford misapprehends the statute and case law. Under the totality of the circumstances, the record demonstrates evidence of a sexual purpose. The victim's

testimony, particularly Mr. Ford's request to go upstairs, combined with A.K.'s testimony that a "touching" occurred, as well as Mr. Ford's changing story to the police, his testimony admitting that he touched her thigh and that he "bore witness to it," along with his demonstration of "touching" to the court more than establishes that Mr. Ford had sexual contact with A.T.G.

{¶48} Mr. Ford's first assignment of error is without merit.

## Witness Competency

{¶49} In Mr. Ford's second assignment of error, he contends the trial court erred in allowing 8-year-old A.K. to testify as a corroborating witness without conducting a voir dire of her competency. Mr. Ford submits that the state failed to prove that A.K. was competent, and further, that A.K.'s testimony did not corroborate sexual imposition.

{¶50} Evid.R. 601 sets forth general rules of competency. Former Subsection (A), which was in effect at the time of trial, provided:

{¶51} "Every person is competent to be a witness except:

{¶52} "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."

{¶53} The state, as the proponent of the child, shouldered the burden of demonstrating A.K.'s competence to testify. *See State v. Smith*, 11th Dist. Lake No. 2013-L-020, 2013-Ohio-5827, ¶32, citing *State v. Clark,* 71 Ohio St.3d 466, 469 (1994). Inexplicably, Mr. Ford argues there is no record of the in camera voir dire examination. Our review of the record, particularly the transcript of the in camera voir dire, reveals the

13

trial court conducted a proper hearing to determine the child's competency to testify. *See id.; see State v. Frazier,* 61 Ohio St.3d 247, 250-51 (1991).

{¶54} In considering whether a child under the age of 10 is competent to testify, a court must analyze the following factors: "the child's ability to receive accurate impressions of fact, the child's ability to recollect those impressions, the child's ability to communicate what is observed, the child's understanding of truth and falsity, and the child's appreciation of his or her responsibility to tell the truth." *Id.,* quoting *Clark* at 469, citing *Frazier* at 250-51*.*

{¶55} Once the court concludes that the threshold requirements have been satisfied, a witness under the age of ten will be deemed competent to testify. *Id.* at ¶33, citing *Clark* at 469.

{¶56} During the in camera hearing, which was done in the presence of a court reporter, the assistant prosecutor, defense counsel, and the victim's advocate, and after questioning A.K. on the *Frazier* factors, the trial court inquired whether "there are any concerns as to the credibility of whether I've sufficiently covered the bases to determine whether this young lady is competent to testify?" Mr. Ford's attorney responded that he wanted more questioning "on oath." The court then questioned A.K. as to her understanding of an oath and then asked both the state and the defense, "Everybody satisfied?" No one objected and the state affirmatively stated, "Yes."

{¶57} Because Mr. Ford failed to object to A.K.'s competency at the trial court's in camera hearing/voir dire of the witness, he is precluded from challenging the minor witness' competency on appeal. *State v. Clark*, 10 Ohio App.3d 308, 311 (3d Dist.1983) (The failure to timely object constitutes a waiver of that objection); *State v. Beaver*, 9th

14

Dist. Medina No. 18CA055-M, 2019-Ohio-3411, ¶7 (Determining that because the appellant failed to object to the competency of a 5-year old witness, he was precluded from challenging the minor witness' competency on appeal). Thus, we review for plain error.

{¶58} "Plain error – error that was not brought to the court's attention at a time when it could have been corrected – can only be noticed if it is an error that affects a substantial right." *State v. Roebuck,* 11th Dist. Lake No. 2018-L-096, 2019-Ohio-1949, ¶13, citing *State v. Taylor*, 8th Dist. Cuyahoga No. 106502, 2018-Ohio-3998, ¶11, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "And even if an error is plain on the record, 'an appellate court is not required to correct it; [the Supreme Court of Ohio has] admonish[ed] courts to notice plain error with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Id.*, quoting *Taylor,* quoting *State v. Rogers,* 143 Ohio St.3d 385, 2015-Ohio-2459, ¶23.

{¶59} Mr. Ford contends that A.K.'s testimony displayed a lack of recollection and lack of deftness in communication. On this basis, he argues his conviction should be reversed. This argument is wholly without merit because, as already noted in the first assignment of error, the trial court found Mr. Ford's own testimony and demonstration of "touching" to be the corroborating evidence, not A.K.'s testimony. In fact, the court noted that A.K.'s testimony was not quite sufficient, remarking that "[A.K.] testified that there was touching. However, my notes indicate she was not more specific than that. And even if she had been, it appears she would have been blocked from the partition wall on seeing exactly where below the waist he did touch. *So I have a question whether that's*

15

*sufficient supporting evidence. * * * I find the Defendant has corroborated the evidence offered.*" (Emphasis added.)

{¶60} It cannot be said that the trial court erred in finding A.K. competent to testify after holding an in camera hearing and questioning the witness without any objection from defense counsel. More fundamentally, her testimony was not the corroborating evidence upon which Mr. Ford's conviction rests; thus any error in allowing her to testify was harmless.

{¶61} Mr. Ford's second assignment of error is without merit.

{¶62} The judgment of the Trumbull County Eastern District Court is affirmed.


THOMAS R. WRIGHT, J., concurs,

TIMOTHY P. CANNON, P.J., concurs in judgment only with a Concurring Opinion.

_____

TIMOTHY P. CANNON, P.J., concurring in judgment only.

{¶63} A claim of insufficient evidence raises a question as to whether the prosecution introduced sufficient evidence to sustain a verdict. The appropriate way to raise this issue on appeal is by assigning error to the trial court's denial of a Crim.R. 29(A) motion for judgment of acquittal made after the prosecution's case-in-chief. Appellant did not explicitly assign error in this manner. I would not suggest in any way, however, that the prosecution met its burden of production as to corroborating evidence by relying on testimony offered by the defendant during the defense's case-in-chief. Accordingly, I disagree with the majority's conclusion that the defendant's own cross-examination testimony may be used in a sufficiency of the evidence analysis. This discussion should

16

be reserved for a challenge, one not made here, as to the manifest weight of the evidence. I nevertheless agree that the prosecution did introduce sufficient corroborating evidence in the form of the minor witness's testimony and the officers' testimony as to admissions the defendant made during interviews and interrogation.  For this reason, I respectfully concur with the majority in judgment only.